UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.: 04-20602-CIV-COOKE/BROWN

HOWARD CAMERON STUBBS,

    *Plaintiff,*

v.

WHC FRANCHISE CORPORATION, *et al*.

    *Defendant.*
_____/

### ORDER DENYING DEFENDANT'S MOTION TO DISMISS COMPLAINT

**THIS CAUSE** is before the Court upon the Defendants, WHC Franchise Corporation and Ruffin's Crystal Palace Hotel Corporation, L.T.D.'s, Motion to Dismiss Complaint based on the doctrine of *forum non conveniens* [DE 102], filed August 14, 2006; the Defendants seek to litigate this Matter in the Bahamas. The Plaintiff filed its Response on October 5, 2006. The Defendants filed their Reply on October 17, 2006. The Court, having reviewed the Motions and the pertinent portions of the record, finds that Defendant's Motion to Dismiss should be denied for the reasons set forth below.

    **I.**    **Background**

The Plaintiff, a U.S. citizen, filed this negligence action against the moving Defendants, U.S. companies, on March 15, 2004. On November 24, 2004, this Court dismissed the action for lack of personal jurisdiction, but the Eleventh Circuit reversed and remanded. The Defendants, again, have moved to dismiss under the doctrine of *forum non conveniens*.

### II. Discussion

*Forum non conveniens* is a doctrine grounded in the courts' inherent power to control parties and cases. The doctrine may be invoked when the moving party demonstrates that (1) an adequate alternative forum is available, (2) a balancing of the public and private factors favors dismissal, and (3) the plaintiff can reinstate his suit in without undue inconvenience or prejudice in the alternative forum. *Leon v. Millon Air Cargo, Inc.,* 251 F.3d 1305, 1311 (11th Cir.2001); (citing *Republic of Panama v. BCCI Holdings (Luxembourg) S.A.,* 119 F.3d 935, 951 (11th Cir.1997); *C.A. La Seguridad v. Transytur Line,* 707 F.2d 1304, 1307 (11th Cir.1983)). Courts, however, must be careful when weighing the private interests; "the plaintiffs' choice of forum should rarely be disturbed 'unless the balance is strongly in favor of the defendant.' *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (U.S. 1947). This presumption in favor of the plaintiffs' initial forum choice in balancing the private interests is at its strongest when the plaintiffs are citizens, residents, or corporations of this country. *Leon v. Millon Air, Inc.,* 251 F.3d 1305, 1311 (11th Cir.2001) ("[B]alancing private interests requires determining the convenience of the parties, affording domestic plaintiffs 'a strong presumption' that their forum choice is sufficiently convenient, and a weaker presumption applying in cases brought by foreign plaintiffs."). *SME Racks, Inc. v. Sistemas Mecanicos Para Electronica, S.A.*, 382 F.3d 1097, 1101 (11th Cir. 2004).

Upon careful balancing of the private interests, the Court finds that this case does not merit dismissal for the following reason:

(1) The Plaintiff is a U.S. citizen whose spinal injury, resulting from the accident that is the subject of the instant litigation, prevents him from traveling to the Bahamas, where he would be outside the care of his treating physicians. Meanwhile, the Defendants reside in the United States.

(2)     More witnesses to this case reside in the United States than do outside the country. Additionally, all eyewitnesses live in the United States.  Furthermore, the Plaintiff's primary medical treatment was in Miami, FL, so the witnesses able to testify on issues related to treatment are in the United States as well.

(3)     Due to the proximity between Miami, FL and the Bahamas, any material witnesses residing in the Bahamas—noting that based on a review of the filings, such witnesses seem to be less in number and material relevance than the U.S. witnesses—can be transported to Miami, FL without excessive inconvenience or cost.

In light of the foregoing, the Court hereby

**ORDERS and ADJUDGES** that the instant Motion to Dismiss [DE 102] is **DENIED**. Additionally, Plaintiff's Motion for a hearing on this issue [DE 127] is **DENIED** *as moot*.

**DONE and ORDERED** in Chambers in Miami, FL this 30th day of March, 2007.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Magistrate Judge Stephen T. Brown*
*Counsel of Record*